NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| OMAR CROMER, | |
| Plaintiff, | Civil No. 14-235 (JBS) |
| v. | |
| ADMINISTRATION of CCCF, | OPINION |
| Defendant. | |

**APPEARANCES:**

Omar Cromer, *Pro Se*
261974
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08103

**SIMANDLE, Chief Judge**

    Plaintiff, Omar Cromer, confined at the Camden County Correctional Facility, Camden, New Jersey, submitted this complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff has provided an *in forma pauperis* ("IFP") application with his submission. Based on his application, the Court will grant Plaintiff's IFP request pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

    The Court must now review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief

may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's complaint should be dismissed.

### BACKGROUND

On November 25, 2013, Plaintiff, a pretrial detainee at the Camden County Correctional Facility ("CCCF"), was told by a family member that this mother had passed.  The viewing was to be held two days later, on November 27, 2013.  Plaintiff wrote the administration asking to attend the viewing.  Plaintiff states that the CCCF administration did not respond to his request.  (Complaint, ¶ 6).  Plaintiff notes throughout the complaint that although he hadn't yet been convicted, he faced allegations of sexual assault charges and had been deemed a "predator," which was the reason his request to attend his mother's viewing was denied.  (Complt., ¶¶ 5, 7).

Plaintiff asks for declaratory relief only, specifically, that "county inmates that face 'allegations' of sexual assault charges, not yet proven, should be allowed to attend the viewing of their deceased loved ones and not be 'discriminated against' because of allegations or bail!"  (Complt., ¶ 7).

### DISCUSSION

**1. Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a

district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court must identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, *supra*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-679.  *See also Twombly*, 505 U.S. at 555, & n.3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

2.  **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

3.   **Plaintiff's Claims**

Under New Jersey statute, prisoners, in the discretion of the correctional institution, may be permitted to attend the funeral of a close relative.  See *N.J.S.A.* 30:4-8.1; *N.J.A.C.* 10A:18-7.2. However, Plaintiff's allegation that his civil rights were violated when he was denied the opportunity to attend his mother's viewing does not rise to the level of a constitutional magnitude.  A prisoner does not retain a liberty interest in attending a family member's funeral, and denial of such an opportunity does not impose an atypical or significant hardship on the inmate in relation to the normal incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484-86 (1985); *Ramziddin v. Plousis*, 2008 WL 906341 (D.N.J. Apr. 1, 2008). Other courts that have addressed this issue have held that prisoners do not retain a constitutional right to attend a family member's funeral. *See e.g., Reed v. Morgan*, 2009 WL 995554 (D.Del. Apr. 13, 2009); *Dumas v. Pennsylvania Department of Corrections*, 2007 WL 1276908 (W.D. Pa. Apr. 27, 2007); *Fisher v. McBride*, 2007 WL 120079

5

(D. Del. Jan. 12, 2007); *Rodriguez v. Woodruff*, 2006 WL 2620472 (S.D. Tex. Sept. 12, 2006); *Mills v. Walker*, 2005 WL 2807171 (D.N.J. Oct. 25, 2005) (holding that there is no constitutionally protected liberty interest in the attendance of a funeral for either a pretrial detainee or convicted prisoner); *Hilliard v. Andrews*, 2005 WL 1629954 (W.D. La. July 8, 2005); *Cruz v. Sielaff*, 767 F. Supp. 547, 550 (S.D.N.Y. 1991) (no federal right recognized under § 1983 to attend a family member's funeral).

Also the Court understands that Plaintiff was a pretrial detainee and not a convicted prisoner at the time he was denied permission to attend the viewing. He was being held for failing to make bail, and a temporary release would have required a modification of his bail order. He does not claim to have sought modification of bail from the Superior Court judge having the authority to do so, and thus he did not exhaust his available remedy for temporary release before seeking relief in federal court. The federal court would have jurisdiction to consider such release only if Plaintiff exhausted his state court remedies, and only if, in a petition under 28 U.S.C. § 2254, he was able to demonstrate that he was being detained in violation of the U.S. Constitution. Since, as noted above, the Constitution does not recognize a right to relaxation of bail due to bereavement, such a petition to this court would be unsuccessful. Therefore, the deficiencies of the present complaint could not be overcome by an amendment to it.

While this Court sympathizes with Plaintiff and finds it unfortunate that he could not attend his mother's viewing, the denial of attending does not state a cognizable claim of a federal constitutional deprivation. Therefore, this complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## CONCLUSION

For the reasons stated above, Plaintiff's complaint must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

An appropriate Order follows.

 s/ Jerome B. Simandle
JEROME B. SIMANDLE, Chief Judge
United States District Court

Dated: **April 25, 2014**